# EXHIBIT A



**Service of Process Transmittal**
08/31/2020
CT Log Number 538183977

| | |
|---|---|
| **TO:** | Thomas Sparno, General Counsel<br>Schindler Elevator Corporation<br>20 Whippany Rd<br>Morristown, NJ 07960-4524 |
| **RE:** | **Process Served in New York** |
| **FOR:** | Schindler Elevator Corporation  (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | PLINIO MOLINA and MEOLI DEVORA, PLTFS. vs. SCHINDLER ELEVATOR CORPORATION, DFT. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 5158322020 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Courier on 08/31/2020 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/01/2020, Expected Purge Date: 09/06/2020<br><br>Image SOP<br><br>Email Notification,  Elizabeth Dunn  elizabeth.dunn@schindler.com<br><br>Email Notification,  Yohanny Nguyen  yohanny.nguyen@us.schindler.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>1209 N Orange St<br>Wilmington, DE 19801-1120 |
| **For Questions:** | 866-401-8252<br>EastTeam2@wolterskluwer.com |

Page 1 of  1 / RK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1 of 1

YVETTE
2126088959
MICHAEL B. PALILLO, P.C.
277 BROADWAY, SUITE 501
NEW YORK NY 10007

1 LBS    1 OF 1

26
427

SHIP TO:
2128948940
CT CORPORATION SYSTEM
26TH FLOOR
28 LIBERTY STREET
**NEW YORK NY 10005-1514**



NY 102 9-09

**UPS GROUND**
TRACKING #: 1Z FR0 167 03 9967 8093



BILLING: P/P

Reference#1: MOLINA & DEVORA v. Schlinder Elev

UIS 22.0.12.    WNTNV50 31.0A 07/2020*

8/28/2020, 11:35 AM



**PALILLOLAW**
MICHAEL B. PALILLO, PC

Michael B. Palillo
Ryan Amato

BROADWAY CHAMBERS BUILDING
277 BROADWAY
SUITE 501
NEW YORK, NEW YORK 10007

P 212.608.8959
F 212.608.0304

mpalillo@palillolaw.com
ramato@palillolaw.com

August 27, 2020

**_Via UPS_**
CT Corporation System
28 Liberty Street, 26th Floor
New York, NY 10005

RE: Plinio Molina and Meoli Devora v.
Schindler Elevator Corporation
Job Submission - Job #19178

Dear Sir/Madam:

Enclosed herein please find the following:

1. Job Submission dated August 27, 2020 Job #19178.

2. One (1) copy of the Summons & Verified Complaint and Notice of Electronic Filing;

3. Entity Information for Defendant, Schindler Elevator Corporation.

Should you have any questions please do not hesitate to contact the office of the undersigned.

Very truly yours,

MICHAEL B. PALILLO

MBP/yv
Encls.

# NYS Department of State

## Division of Corporations

### Entity Information

The information contained in this database is current through August 26, 2020.

Selected Entity Name: SCHINDLER ELEVATOR CORPORATION
Selected Entity Status Information

**Current Entity Name:** SCHINDLER ELEVATOR CORPORATION
**DOS ID #:** 541881
**Initial DOS Filing Date:** MARCH 02, 1979
**County:** NEW YORK
**Jurisdiction:** DELAWARE
**Entity Type:** FOREIGN BUSINESS CORPORATION
**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**
C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

**Chief Executive Officer**
GREG ERGENBRIGHT
20 WHIPPANY ROAD
PO BOX 1935
MORRISTOWN, NEW JERSEY, 07962-1935

**Principal Executive Office**
SCHINDLER ELEVATOR CORPORATION
20 WHIPPANY RD
MORRISTOWN, NEW JERSEY, 07960

**Registered Agent**

C T CORPORATION SYSTEM
28 LIBERTY ST.
NEW YORK, NEW YORK, 10005

This office does not record information regarding the names and addresses of officers, shareholders or directors of nonprofessional corporations except the chief executive officer, if provided, which would be listed above. Professional corporations must include the name(s) and address(es) of the initial officers, directors, and shareholders in the initial certificate of incorporation, however this information is not recorded and only available by viewing the certificate.

### *Stock Information

| # of Shares | Type of Stock | $ Value per Share |
|---|---|---|
| | No Information Available | |

*Stock information is applicable to domestic business corporations.

### Name History

| Filing Date | Name Type | Entity Name |
|---|---|---|
| MAY 21, 1985 | Actual | SCHINDLER ELEVATOR CORPORATION |
| MAR 02, 1979 | Actual | SCHINDLER HAUGHTON ELEVATOR CORPORATION |

A **Fictitious** name must be used when the **Actual** name of a foreign entity is unavailable for use in New York State. The entity must use the fictitious name when conducting its activities or business in New York State.

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Services/Programs | Privacy Policy | Accessibility Policy | Disclaimer | Return to DOS Homepage | Contact Us

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** KINGS
-----------------------------------------------------------------X
PLINIO MOLINA and MEOLI DEVORA,

                        Plaintiff/Petitioner,

      - against -                          Index No. 515832/2020

SCHINDLER ELEVATOR CORPORATION,

                        Defendant/Respondent.
-----------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.

  <u>If</u> you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: August 26, 2020

**MICHAEL B. PALILLO, ESQ.**
Name

MICHAEL B. PALILLO, P.C.
Firm Name

277 BROADWAY, SUITE 501

NEW YORK, NY 10007
Address

(212)608-8959
Phone

MPALILLO@PALILLOLAW.COM
E-Mail

To:   Schindler Elevator Corporation

2/24/20

Index #           Page 2 of 2           EFM-1

FILED: KINGS COUNTY CLERK 08/26/2020 02:08 PM
NYSCEF DOC. NO. 1

INDEX NO. 515832/2020
RECEIVED NYSCEF: 08/26/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
---------------------------------------- X
PLINIO MOLINA and
MEOLI DEVORA,

                    Plaintiff(s),
  -against-

SCHINDLER ELEVATOR CORPORATION,

                    Defendant(s).
---------------------------------------- X
To the above named Defendant:

Index No.:

Date Purchased:

**SUMMONS**

The Plaintiff designates KINGS COUNTY as Place of Trial

The Basis of Venue is Situs of Incident

The subject incident occurred inside of 61 St. James Place, Brooklyn, NY in the South Elevator

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this Summons, to serve a notice of appearance on the Plaintiff's attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
         August 25, 2020

                                          MICHAEL B. PALILLO, P.C.
                                          Attorneys for Plaintiff(s)
                                          277 Broadway, Suite 501
                                          New York, New York 10007
                                          (212) 608-8959

Defendants' Addresses:

**SCHINDLER ELEVATOR CORPORATION** 28 Liberty Street, New York, New York 10005

FILED: KINGS COUNTY CLERK 08/26/2020 02:08 PM                    INDEX NO. 515832/2020
NYSCEF DOC. NO. 1                                                RECEIVED NYSCEF: 08/26/2020

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------X
PLINIO MOLINA and
MEOLI DEVORA,

                     **VERIFIED COMPLAINT**

            Plaintiff(s),

   -against-

SCHINDLER ELEVATOR CORPORATION,

            Defendant(s).
------------------------------------------X

COUNSELORS:

    Plaintiffs, PLINIO MOLINA and MEOLI DEVORA, complaining of Defendants, by her attorney, MICHAEL B. PALILLO, P.C., alleges upon information and belief as follows:

    1.    At all times hereinafter mentioned, Plaintiff PLINIO MOLINA was and still is a resident of the County of Westchester, State of New York.

    2.    At all times hereinafter mentioned, Plaintiff MEOLI DEVORA was and still is a resident of the County of Westchester, State of New York.

    3.    At all times hereinafter mentioned, Defendant, SCHINDLER ELEVATOR CORPORATION, [hereinafter known as "SCHINDLER"] was and still is a domestic corporation, duly authorized, organized and existing under and by virtue of the laws of the State of New York.

    4.    At all times hereinafter mentioned, Defendant, "SCHINDLER" was and still is a foreign corporation, with authorization to conduct business in the State of New York, organized and existing under and by virtue of the laws of the State of Delaware.

5. At all times hereinafter mentioned, PRATT INSTITUTE, was and still is a domestic not-for-profit corporation, duly authorized, organized and existing under and by virtue of the laws of the State of New York.

6. At all times hereinafter mentioned, Defendant, "SCHINDLER," maintained a place of business in the State of New York.

7. At all times hereinafter mentioned, Defendant, "SCHINDLER," transacted business in the County of Kings, State of New York.

8. At all times hereinafter mentioned, Defendant, "SCHINDLER," regularly did or solicited business within the State of New York

9. At all times hereinafter mentioned, Defendant, "SCHINDLER" derived substantial revenue from goods used or consumed or services rendered in the State of New York.

10. At all times hereinafter mentioned, Defendant, "SCHINDLER," expected or should have expected its acts and business activities to have consequences in the State of New York.

11. Upon information and belief, and at all dates and times hereinafter mentioned, PRATT INSTITUTE owned the premises known as "Higgins Hall" located at 61 St. James Place, County of Kings, State of New York [hereinafter known as the "PREMISES"] more specifically the South Elevator, NYC ID No: 3P10352 located thereat [hereinafter referred to as the "SOUTH ELEVATOR"]

12. Upon information and belief, on and prior to August 26, 2019, PRATT INSTITUTE entered into a contract with Defendant, "SCHINDLER" to perform work, labor, maintenance and/or services at the "PREMISES," more specifically in the "SOUTH ELEVATOR."

13. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," installed the elevators at the "PREMISES" more specifically the "SOUTH ELEVATOR."

14. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," maintained the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR"

15. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," controlled the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

16. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," operated the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

17. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," managed the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

18. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER, "supervised the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

19. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," inspected the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

20. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," repaired the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

21. Upon information and belief, and at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," performed preventive maintenance of the elevators located at the "PREMISES" more specifically the "SOUTH ELEVATOR."

22. That on August 26, 2019, at approximately 9:30 p.m., Plaintiff's PLINIO MOLINA and MEOLI DEVORA, were lawfully present as employees of PRATT INSTITUTE inside of the "PREMISES."

23. That on August 26, 2019, at approximately 9:30 p.m., Plaintiff's PLINIO MOLINA and MEOLI DEVORA were inside the "PREMISES" and more specifically the "SOUTH ELEVATOR."

24. That at all dates and times hereinafter mentioned, Defendant, "SCHINDLER," its agents, servants and/or employees, was under a duty to keep and maintain the elevators located at the "PREMISES," in a reasonably safe condition for all persons lawfully thereat, including the Plaintiff's.

25. That on August 26, 2019, at approximately 9:30 p.m. while the "PREMISES" and more specifically inside the "SOUTH ELEVATOR" the Plaintiffs were caused to sustain serious personal injuries due to a condition dangerous and defective, to wit the "SOUTH ELEVATOR," suddenly and unexpectedly descended into the basement of the "PREMISES."

26. That the accident and injuries sustained by the Plaintiffs, PLINIO MOLINA and MEOLI DEVORA, were due to the actions of the Defendant and took place by

reason of the negligence, carelessness and recklessness of Defendant, its agents, servants and/or employees in the installation, ownership, operation, maintenance, management, inspection, supervision, repair and control of the aforementioned premises, more specifically the South Elevator, NYC ID No: 3P10352, without any negligence on the part of Plaintiffs contributing thereto, and in causing, allowing, permitting and/or creating said premises to develop a dangerous, defective, hazardous, unsafe and trap-like condition, and to be, become and remain in such condition; in causing, allowing, permitting and/or creating said premises and parts thereof, as described herein, to fall into such a state of disrepair that it constituted a public and private nuisance and trap for the unaware; in failing to make adequate and/or proper inspections and repairs to prevent the development of the aforesaid condition for the unaware, and more particularly for Plaintiffs herein; in failing to supervise and control the inspection activities of its agents, servants and/or employees; in failing to hire and employ adequate, properly trained and/or sufficient personnel for the purposes of supervising, inspecting, maintaining and repairing said premises; in failing to hire and employ any personnel for any or all of the aforementioned purposes; in hiring and employing incompetent, untrained, inadequate and insufficient numbers of personnel to perform supervision, inspection and maintenance duties at the aforesaid premises; in failing to train and supervise its agents, servants and/or employees in the proper and necessary inspection and maintenance of said premises; in failing to promulgate and enforce sufficient rules and regulations for safety standards in said premises; in causing injury to Plaintiffs; in failing to keep Plaintiffs free from injury notwithstanding the fact that Defendant, its agents, servants and/or employees knew of, observed, permitted, caused and/or created the aforesaid defective condition; failing to provide Plaintiffs with a safe premises; in evincing a conscious, callous, wanton and utter disregard for the health, safety and welfare of others, of

invitees and more particularly of Plaintiffs herein; in failing to warn Plaintiff's or the general public about the aforementioned defect and/or condition; in affirmatively creating said defect and condition, all of which Defendant had actual notice and/or constructive notice of, caused and created, and/or constituted a recurring condition; in allowing and permitting said premises to be and remain in such a hazardous, dangerous and defective condition; in creating and maintaining a menace, hazard, nuisance and trap thereat; in failing to place signs, barricades, warnings and/or other devices to apprise persons of the dangerous, unsafe condition thereat; in failing to properly maintain said premises; in improperly maintaining said premises; and in generally being negligent and reckless in the premises; and in failing to secure said premises so as not to cause injuries to Plaintiffs, all in violation of the laws, statutes, ordinances and regulations made and provided for the safe and proper operation, ownership, maintenance and control of said premises. Plaintiffs further relies upon the doctrine of res ipsa loquitur.

27. The Defendant, their agents, servants and/or employees were negligent, careless and reckless in the ownership, operation, maintenance, control and management of the aforementioned "SOUTH ELEVATOR."

28. The Plaintiffs will also rely on the doctrine of "RES IPSA LOQUITOR."

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLINIO MOLINA

29. Plaintiffs repeat, reiterate and reallege each and every allegation set forth herein as if more fully set forth herein at length.

30. That by reason of the foregoing, Plaintiff, PLINIO MOLINA, has sustained severe personal injuries, has been rendered sick, sore, lame and disabled; has been Incapacitated from his normal activities and employment; has incurred expenses and medical treatment; has sustained severe pain and suffering; lost earnings; mental anguish and will

FILED: KINGS COUNTY CLERK 08/26/2020 02:08 PM                                  INDEX NO. 515832/2020
NYSCEF DOC. NO. 1                                                              RECEIVED NYSCEF: 08/26/2020

continue to do so; and will require medical attention in the future, all to his damages.

31. That by reason of the foregoing, Plaintiff PLINIO MOLINA has sustained damages in a sum which exceeds the jurisdictional limitations of all lower Courts.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF MEOLI DEVORA

32. Plaintiffs repeat, reiterate and reallege each and every allegation set forth herein as if more fully set forth herein at length.

33. That by reason of the foregoing, Plaintiff, MEOLI DEVORA, has sustained severe personal injuries, has been rendered sick, sore, lame and disabled; has been incapacitated from his normal activities and employment; has incurred expenses and medical treatment; has sustained severe pain and suffering; lost earnings; mental anguish and will continue to do so; and will require medical attention in the future, all to his damages.

34. That by reason of the foregoing, Plaintiff MEOLI DEVORA has sustained damages in a sum which exceeds the jurisdictional limitations of all lower Courts.

**WHEREFORE,** Plaintiff PLINIO MOLINA demands judgment against the Defendant on the first cause of action, in a sum which exceeds the jurisdictional limitations of all lower Courts, and the Plaintiff MEOLI DEVORA, demands judgment against the Defendant on the second cause of action in a sum which exceeds the jurisdictional limitations of all lower Courts, and for such other and further relief as this Court deems just, proper and equitable under the circumstances

Dated: New York, New York
August 25, 2020

                                              MICHAEL B. PALILLO, P.C.
                                              Attorney for Plaintiff(s)
                                              277 Broadway, Suite 501
                                              New York, New York 10007
                                              (212)608-8959

Michael B. Palillo, an attorney duly admitted to practice law in the Courts of the State of New York affirms the following under penalties of perjury:

I am the attorney for the Plaintiff(s) in the above captioned matter. I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe it to be true based on a review of the files maintained in this office and conversations had with the Plaintiff(s). The reason why this verification is made by the undersigned attorney rather than the Plaintiff(s) is that the Plaintiff(s) do/does not reside in the County were in I maintain my office for the practice of law.

Dated: New York, New York
       August 25, 2020

                                        Michael B. Palillo

Index No.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

---

PLINIO MOLINA and
MEOLI DEVORA,

                Plaintiff(s),

  -against-

SCHINDLER ELEVATOR CORPORATION,

                Defendant(s).

---

### SUMMONS & VERIFIED COMPLAINT

---

**Michael B. Palillo P.C.**
*Attorneys for Plaintiff(s)*
*Office and Post Office Address*:
**277 Broadway, Suite 501**
**New York, NY 10007**
**(212) 608-8959**
(212) 608-0304 Fax (Not for Service)
MPalillo@PalilloLaw.com
(Not for Service)

---

Signature (Rule 130-1.1-a)

_/s/ MP_
MICHAEL B. PALILLO, ESQ.



# NYSCEF - Kings County Supreme Court
# Confirmation Notice

The NYSCEF website has received an electronic filing on 08/26/2020 02:08 PM. Please keep this notice as a confirmation of this filing.

## 515832/2020
### PLINIO MOLINA et al v. SCHINDLER ELEVATOR CORPORATION
Assigned Judge: None Recorded

## Documents Received on   08/26/2020 02:08 PM

| Doc # | Document Type |
|---|---|
| 1 | SUMMONS + COMPLAINT |
|   | Summons and Verified Complaint |

## Filing User

Michael B Palillo | mpalillo@palillolaw.com | 212-608-8959
277 Broadway Suite 501, New York, NY 10007

## E-mail Notifications

An email regarding this filing has been sent to the following on 08/26/2020 02:08 PM:

**MICHAEL B. PALILLO** - mpalillo@palillolaw.com

## Email Notifications NOT Sent

| Role | Party | Attorney |
|---|---|---|
| Respondent | SCHINDLER ELEVATOR CORPORATION | No consent on record. |

\* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov
Phone: Phone: 347-404-9766 or 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile